IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHERYL CROOKS, | 09-CV-1448-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**RICHARD A. SLY**
1001 S.W. Fifth Avenue
Suite 310
Portland, OR 97204
(503) 224-0436

**LINDA S. ZISKIN**
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

        Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Sheryl L. Crooks seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

     Plaintiff filed her application for SSI on September 20,

2 - OPINION AND ORDER

2004, and alleged a disability onset date of January 1, 2002. Tr. 116.[1] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 9, 2007. Tr. 822-51. At the hearing, Plaintiff was represented by an attorney. Plaintiff, a lay witness, and a VE testified.

The ALJ issued a decision on September 21, 2007, in which he found Plaintiff is not disabled and, therefore, was not entitled to benefits. Tr. 38-52. On August 28, 2008, the Appeals Council remanded the matter to the ALJ "to obtain evidence from a medical expert . . . to clarify the nature and severity of [Plaintiff's] mental impairments"; to provide a "rationale with specific references to evidence of record in support of assessed limitations"; and, if necessary, to conduct further proceedings to determine whether drug addiction and alcoholism are material factors. Tr. 55.

On remand the ALJ held a hearing on October 21, 2008. Plaintiff was represented by an attorney. Plaintiff, a medical expert (ME), and a VE testified. Tr. 787-821.

The ALJ issued a decision on December 8, 2008, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 18-30. That decision became the final decision

---

[1] Citations to the official transcript of record filed by the Commissioner on April 20, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

of the Commissioner on October 27, 2009, when the Appeals Council denied Plaintiff's request for review.  Tr. 7-9.

## BACKGROUND

Plaintiff was born on March 12, 1955.  Plaintiff was 52 years old at the time of the first hearing and 53 years old at the time of the second hearing.  Tr. 116.  Plaintiff completed high school and does not have any past relevant work experience.  Tr. 48.

Plaintiff alleges disability due to insomnia, anxiety, chronic bronchitis, and coughing.  Tr. 134.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 26-28.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

5 - OPINION AND ORDER

**DISABILITY ANALYSIS**

I.   **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must

assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(v).  Here the burden shifts to the

7 - OPINION AND ORDER

Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her September 20, 2004, application date.  Tr. 23.

At Step Two, the ALJ found Plaintiff has the severe impairments of asthma/bronchitis, hypoactive thyroid, Post-Traumatic Stress Disorder (PTSD), dysthymia, and "drug abuse in reported remission."  Tr. 23.

At Step Three, the ALJ concluded Plaintiff's asthma and thyroid condition "are not of sufficient severity to meet the criteria" of one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 23.  The ALJ also concluded Plaintiff's mental impairments "considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, or 12.09."  Tr. 23.  The ALJ found

8 - OPINION AND ORDER

Plaintiff has the RFC to perform "medium work."  Tr. 24.
Specifically, the ALJ found Plaintiff can lift 25 pounds
frequently and 50 pounds occasionally and perform "simple,
routine, repetitive work with occasional public and coworker
interaction."  Tr. 24.  The ALJ found Plaintiff should avoid
concentrated exposure to dust, fumes, odors, and gasses and
cannot work around hazards.  Tr. 24.

At Step Four, the ALJ found Plaintiff does not have any past relevant work.  Tr. 29.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 29. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) did not comply with the directives of the Appeals Council's 2008 remand, (2) failed to "consider equivalence to a Listing," (3) improperly rejected lay-witness testimony, and (4) improperly rejected the opinions of Plaintiff's examining physicians.

**I.  The August 28, 2008, remand by the Appeals Council is not subject to review in this matter.**

Plaintiff contends the ALJ erred because he failed to comply with the Appeals Council's directives in its August 28, 2008, remand.  As the court noted in *Butler v. Astrue*,

9 - OPINION AND ORDER

> [t]o the extent [the plaintiff] contends that the ALJ did not comply with the Appeals Council's remand order, federal courts only have jurisdiction to review the final decisions of administrative agencies. When the Appeals Council denied review of the ALJ's second decision, it made that decision final, and declined to find that the ALJ had not complied with its remand instructions."

No. EDCV 08-1155 AGR, 2010 WL 342633, at *3 n.1 (C.D. Cal. Jan. 29, 2010)(quoting *Tyler v. Astrue*, 305 F. A'ppx 331, 332 (9th Cir. 2008)). *See also Melton v. Astrue,* No. 09-CV-1000-BR, 2010 WL 3853195, at *4 (D. Or. Sept. 28, 2010)("this Court concludes it lacks jurisdiction to review the ALJ's compliance with the Appeals Council's last remand."), and *Farris v. Astrue*, No. 08-CV-3128-ST, 2009 WL 3497810, at *5 (D. Or. Oct. 29, 2009) (court lacks jurisdiction "to review the ALJ's compliance with the Appeals' Council's remand.").

Here the Appeals Council denied review of the ALJ's second decision and declined to find the ALJ had not complied with its August 28, 2008, remand instructions. The ALJ's December 8, 2008, decision, therefore, became the final decision of the Commissioner.

Accordingly, the Court concludes it lacks jurisdiction to review the ALJ's compliance with the Appeals Council's last remand.

**II. The ALJ erred at Step Three.**

Plaintiff contends the ALJ erred at Step Three when he

10 - OPINION AND ORDER

failed to consider whether Plaintiff's physical and mental impairments in combination are equivalent to a Listing.  The Commissioner did not address Plaintiff's contention in his Response to Plaintiff's Opening Brief.

At Step Three the ALJ must consider whether a claimant's impairments in combination meet or equal a listed impairment.  *See* 20 C.F.R. § 404.1526(a)(the Commissioner must consider "whether the combination of [a claimant's] impairments is medically equal to any listed impairment.").  *See also* 20 C.F.R. § 404.1529(d)(3)(the Commissioner must consider whether a claimant's "symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria.").  This evaluation must include considering the combination of mental and physical impairments.  *See Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995)("The claimant's illnesses must be considered in combination and must not be fragmentized in evaluating their effects.").

Here, as Plaintiff notes, the record does not indicate the ALJ considered Plaintiff's mental and physical impairments in combination or whether they equaled a listing in combination.  Moreover, the ALJ did not include in his decision any discussion as to whether Plaintiff's impairments in combination might be equivalent to a Listing.  The ALJ also failed to ask the ME whether Plaintiff's impairments in combination might be equivalent to a Listing.

11 - OPINION AND ORDER

On this record the Court concludes the ALJ erred at Step Three when he failed to consider whether Plaintiff's mental and physical impairments in combination could be equivalent to a Listing.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a

12 - OPINION AND ORDER

single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record, the Court concludes further proceedings are necessary.  As noted, the ALJ did not ask the ME whether Plaintiff's impairments in combination were equivalent to a Listing and the ALJ did not appear to consider equivalency in his decision.  Thus, the issue of equivalence is outstanding and must be resolved before a determination of disability can be made.

Accordingly, the Court remands this matter for further proceedings related to a determination as to whether Plaintiff's mental and physical impairments in combination are equivalent to a Listing.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 15th day of February, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

13 - OPINION AND ORDER